Electronically Filed
Intermediate Court of Appeals
30316
31-MAY-2013
09:37 AM

NO. 30316

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


J.L.P. ROBINSON LLC, Plaintiff-Appellee,
v.
HIROKO ALLEN, Defendant-Appellant,
and
ASSOCIATION OF APARTMENT OWNERS OF YACHT HARBOR
TOWERS, By Its Board of Directors, JOHN DOES 1-50;
JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE
CORPORATIONS 1-50; DOE ENTITIES 1-50 and DOE
GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-1789)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Hiroko Allen ("Allen") appeals from
the Final Rule 54(b) Judgment in Favor of Plaintiff J.L.P.
Robinson LLC on All Claims Against Defendant Hiroko Allen filed
on December 28, 2009, in the Circuit Court of the First Circuit
("Circuit Court").[1/] The underlying basis of Allen's appeal is
that the Circuit Court erred in its Order Granting in Part and
Denying in Part Plaintiff J.L.P. Robinson LLC's Motion to Confirm
Annual Lease Rent or in the Alternative to Compel Arbitration,
Filed June 24, 2009 ("Order on Motion to Confirm"), filed
September 15, 2009.[2/]

As her specific points of error, Allen contends that
(1) the Circuit Court erred in failing to "treat" Plaintiff-
Appellee J.L.P. Robinson LLC's ("Robinson") June 24, 2009 motion

---

[1/]     The Honorable Derrick H.M. Chan presided.

[2/]     The Honorable Sabrina S. McKenna presided.

to confirm annual lease rent or in the alternative to compel arbitration ("Motion to Confirm") "as a motion for summary judgment," as Allen's "numerous responses in opposition to Robinson's motion . . . raised numerous genuine issues of material fact" and that (2) various orders filed after the Motion to Confirm must be vacated because they incorporated the erroneous Order on Motion to Confirm.

Upon careful review of the record and the briefs submitted by the parties, we resolve Allen's points of error as follows:

Pursuant to Hawai'i Rules of Appellate Procedure ("HRAP") Rule 28(b), an opening brief must contain, as one of its sections, "[t]he argument, containing the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." Haw. R. App. P. 28(b)(7). "Points not argued may be deemed waived." *Id.*

Here, Allen's contention is that the Circuit Court erred in its Order on Motion to Confirm. Allen's argument, however, does not contain any citation to the record. More importantly, it does not explain how the Circuit Court erred other than stating, in full:

> When viewing the record in the light most favorable to Allen, the motion, when treated as a summary judgment motion, should not have been granted. The record shows that there are numerous, genuine issues as to material facts and that Robinson was not entitled to judgment as a matter of law.

Allen's argument is wholly inadequate. *See State v. Vinuya*, 96 Hawai'i 472, 486, 32 P.3d 116, 130 (App. 2001) (a conclusory statement is not an argument); *see also State v. Kahanaoi*, No. CAAP-12-0000021, 2012 WL 5359188, at *2 (Haw. Ct. App. Oct. 31, 2012) (SDO).

Non-specific references on appeal to genuine issues of material fact allegedly presented to the court below on summary judgment do not constitute an appellate argument. In *Kamaka v. Goodsill Anderson Quinn & Stifel*, 117 Hawai'i 92, 176 P.3d 91 (2008), for instance, Kamaka contended that the trial court erred in granting summary judgment in favor of Goodsill. Her argument

on appeal consisted of a single paragraph, identifying four specific alleged genuine issues of material fact. As the Hawaiʻi Supreme Court noted in *Kamaka*, however, and as is true as well here:

> [Kamaka] fails to explain how such evidence was material to the elements of her claim. Furthermore, she has offered absolutely no argument contesting the trial court's determination that Goodsill was entitled to judgment as a matter of law. Thus, in failing to explain the *reasons* for her contentions, we hold that Kamaka has waived this point pursuant to HRAP Rule 28(b)(7) (2007).

*Id.* at 108, 176 P.3d at 107.

Similar to the appellant's argument in *Kamaka*, in one segment of the background section of her opening brief, Allen cites to several of what she contends are "genuine issues of material fact" and also to then-Circuit Court Judge McKenna's rationale for rejecting Allen's arguments, but does not explain why the Circuit Court erred or how she is entitled to vacatur. One sentence in the last paragraph of the background section is telling: "As will be demonstrated below, all of the trial court's orders and judgment must be vacated." Allen failed in this regard.[3]

In sum, Allen failed to comply with HRAP Rule 28(b)(7) or to present discernable legal arguments in support of her points of error. Thus, her points are waived. Haw. R. App. P. 28(b)(7). This being the case, Allen's opening brief presents no argument for this court to consider.

Therefore, the December 28, 2009 Final Rule 54(b) Judgment in Favor of Plaintiff J.L.P. Robinson LLC on All Claims

---

[3] Allen's counsel requested three separate extensions to file the opening brief. The second request was received by the Supreme Court Clerk after the brief was due, and the third request was filed ten minutes before the deadline. These requests were ultimately granted. Notwithstanding these extensions, the opening brief was then filed late.

After Robinson filed its answering brief, Allen filed a substantially oversized, twenty-page reply brief and, simultaneously, a motion to file an over-sized reply brief less than two hours before the reply brief was due. The length of the reply brief was, quite apparently, related to the opening brief's lack of substance. This court struck the reply brief and directed Allen to file a reply brief not exceeding ten pages, confined to matters presented in the answering brief. Of course, arguments made in the reply brief will not remedy the deficiencies in the opening brief. *See In re DQ*, No. 29758, 2011 WL 5142023, at *2 n.2 (Haw. Ct. App. Oct. 28, 2011) (SDO); *Pleus v. Zoning Bd. of Appeals for the City & Cnty. of Honolulu*, No. 28353, 2010 WL 2181496, at *13 n.9 (Haw. Ct. App. May 28, 2010).

Against Defendant Hiroko Allen, filed in the Circuit Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawai'i, May 31, 2013.

On the briefs:

Hayden Aluli and
Sidney Michael Quintal
for Defendant-Appellant.

Tracy G. Chinen
(Rush Moore LLP)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge